UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEPHEN SCHULTZ, as Administrator of the Estate of
NANCY CARROLL, Deceased,

                Plaintiff,                      **VERIFIED COMPLAINT**

    -against-

                                          **Case No.:** 7:19 cv 910

THE UNITED STATES OF AMERICA,

                Defendant.
------------------------------------------------------------------X

        Plaintiff, by and through his attorneys, Bonina & Bonina, P.C., complaining of the defendant herein, and as for a Verified Complaint in the above entitled action, respectfully shows to this Court, and alleges upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE ESTATE OF NANCY CARROLL, FOR CONSCIOUS PAIN AND SUFFERING UNDER THE THEORY OF DEPARTURES FROM ACCEPTED MEDICAL PRACTICE

**FIRST:**

        Plaintiff demands a trial by jury.

**SECOND:**

        That this case falls within one or more exceptions of the CPLR §1602.

**THIRD:**

        That at all times mentioned herein, the plaintiff's decedent, Nancy Carroll, was a resident of the County of Bronx, City and State of New York.

**FOURTH:**

        That on July 18, 2016, Stephen Schultz was appointed Administrator of the Estate of Nancy Carroll, deceased, by the Surrogate's Court of Bronx County.

**FIFTH:**

That at all times mentioned herein, the plaintiff, Stephen Schultz, is, was and has been a resident of the County of Bronx, State of New York.

**SIXTH:**

That at all times mentioned herein, the defendant, The United States of America (hereinafter "USA"), through the United States Public Health Services and United States Department of Health & Human Services employed Reena Agarwal ("Agarwal"), Mark Brubaker ("Brubaker"), and Marta Rico ("Rico") pursuant to the Public Health Services Act, 42 USC ¶ 233, as amended by the federally supported Health Centers Assistance Act of 1995, for purposes of coverage by the Federal Tort Claims Act.

**SEVENTH:**

That at all times mentioned herein, defendant "USA," owned, operated, supervised, maintained, funded and/or controlled certain premises, namely, Montefiore Group-Comprehensive Family Care Center (the "Health Center"), Montefiore Medical Center ("Montefiore"), within the County of Bronx, City and State of New York, for the care of sick and ailing persons and for other individuals requiring medical care and attention, including plaintiff's decedent herein.

**EIGHTH:**

That at all times mentioned herein, defendant "USA" for a consideration offered to render competent and adequate medical services, nursing services, emergency services, ambulance services, patient transportation services, operating services, recovery room services, radiology services, laboratory services, pharmacy services, diagnostic and treatment services, surgical services, anesthesia services in general, all necessary services to give proper, adequate and

competent medical care and attention to members of the general public, or more particularly to the plaintiff's decedent herein and further held itself out to such individuals as having the necessary personnel, equipment, supplies or facilities to perform the same.

**NINTH:**

That at all times mentioned herein, the defendant, Reena Agarwal, M.D., hereinafter referred to as "Agarwal," is, was, and has been a Federal employee and maintained offices for the practice of medicine and/or did engage in the practice of medicine within the County of Bronx, City and State of New York.

**TENTH:**

That at all times mentioned herein, the defendant, "Agarwal" held herself out to the general public, and more particularly, the plaintiff and the plaintiff's decedent herein as a duly qualified and/or licensed physician and/or surgeon capable of practicing medicine and/or surgery within the State of New York.

**ELEVENTH:**

That at all times mentioned herein, the defendant "Agarwal" for a consideration, offered to render proper, adequate and competent medical services, surgical services, including pre and post-surgical services, examination services, diagnostic services, prescription services, radiology services, laboratory services, treatment services and/or in general all necessary services to give proper, adequate and competent medical care and attention to members of the general public, and more particularly to the plaintiff and the plaintiff's decedent herein, and further held herself out to such individuals as having the necessary and requisite skill, expertise, training, education, and/or support personnel, equipment, supplies, diagnostic, laboratory, radiological and/or

hospital facilities to perform the same up to the standards of such care prevailing within the local, state and national community.

**TWELFTH:**

That at all times mentioned herein, the defendant, Mark Brubaker, M.D., hereinafter referred to as "Brubaker," is, was and has been a Federal employee and maintained offices for the practice of medicine and/or did engage in the practice of medicine within the County of Bronx, City and State of New York.

**THIRTEENTH:**

That at all times mentioned herein, the defendant, "Brubaker" held himself out to the general public, and more particularly, the plaintiff's decedent herein as a duly qualified and/or licensed physician and/or surgeon capable of practicing medicine and/or surgery within the State of New York.

**FOURTEENTH:**

That at all times mentioned herein, the defendant "Brubaker" for a consideration, offered to render proper, adequate and competent medical services, surgical services, including pre and post-surgical services, examination services, diagnostic services, prescription services, radiology services, laboratory services, treatment services and/or in general all necessary services to give proper, adequate and competent medical care and attention to members of the general public, and more particularly to the plaintiff and the plaintiff's decedent herein, and further held himself out to such individuals as having the necessary and requisite skill, expertise, training, education, and/or support personnel, equipment, supplies, diagnostic, laboratory, radiological and/or hospital facilities to perform the same up to the standards of such care prevailing within the local, state and national community.

**FIFTEENTH:**

That at all times mentioned herein, the defendant, Marta Rico, M.D., hereinafter referred to as "Rico," is, was and has been a Federal employee and maintained offices for the practice of medicine and/or did engage in the practice of medicine within the County of Bronx, City and State of New York.

**SIXTEENTH:**

That at all times mentioned herein, the defendant, "Rico" held herself out to the general public, and more particularly, the plaintiff's decedent herein as a duly qualified and/or licensed physician and/or surgeon capable of practicing medicine and/or surgery within the State of New York.

**SEVENTEENTH:**

That at all times mentioned herein, the defendant "Rico" for a consideration, offered to render proper, adequate and competent medical services, surgical services, including pre and post-surgical services, examination services, diagnostic services, prescription services, radiology services, laboratory services, treatment services and/or in general all necessary services to give proper, adequate and competent medical care and attention to members of the general public, and more particularly to the plaintiff and the plaintiff's decedent herein, and further held herself out to such individuals as having the necessary and requisite skill, expertise, training, education, and/or support personnel, equipment, supplies, diagnostic, laboratory, radiological and/or hospital facilities to perform the same up to the standards of such care prevailing within the local, state and national community.

**EIGHTEENTH:**

That at all times mentioned herein, the defendant "Montefiore Group – Comprehensive Family Care Center (the "Health Center")" was and still is a corporation duly existing pursuant to the laws of the State of New York, and doing business within the County of Bronx, City and State of New York.

**NINETEENTH:**

That at all times mentioned herein, the defendant "the Health Center" owned, operated, supervised, maintained and/or controlled certain premises within the County of Bronx, City and State of New York, for the care of sick and ailing persons and for other individuals requiring medical care and attention including the plaintiff's decedent herein.

**TWENTIETH:**

That at all times mentioned herein, the defendant "the Health Center" for a consideration, offered to render competent and adequate medical services, nursing services, emergency room services, ambulance services, patient transportation services, operating room services, recovery room services, radiology services, laboratory services, pharmacy services, diagnostic and treatment services, and/or in general all necessary services to give proper, adequate, and competent medical care to members of the general public, and more particularly, the plaintiff's decedent herein, and further held itself out to such individuals as having the necessary personnel, equipment, supplies and facilities to perform the same.

**TWENTY-FIRST:**

That at all times mentioned herein, the defendant "Montefiore Medical Center ("Montefiore") was and still is a corporation duly existing pursuant to the laws of the State of New York, and doing business within the County of Bronx, City and State of New York.

{00149795}                                                   7

**TWENTY-SECOND:**

That at all times mentioned herein, the defendant "Montefiore" owned, operated, supervised, maintained and/or controlled certain premises within the County of Bronx, City and State of New York, for the care of sick and ailing persons and for other individuals requiring medical care and attention including the plaintiff's decedent herein.

**TWENTY-THIRD:**

That at all times mentioned herein, the defendant "Montefiore" for a consideration, offered to render competent and adequate medical services, nursing services, emergency room services, ambulance services, patient transportation services, operating room services, recovery room services, radiology services, laboratory services, pharmacy services, diagnostic and treatment services, and/or in general all necessary services to give proper, adequate, and competent medical care to members of the general public, and more particularly, the plaintiff's decedent herein, and further held itself out to such individuals as having the necessary personnel, equipment, supplies and facilities to perform the same.

**TWENTY-FOURTH:**

Plaintiff first became aware of Drs. Agarwal, Brubaker, and Rico and the Health Center and Montefiore to be employees of the "USA" after an action pending in Supreme Court – Bronx County since April 27, 2015 was removed to Federal Court on May 31, 2018. On July 18, 2018, plaintiff filed his administrative claim. To date, plaintiff has not received a Notice of Final Determination, however, more than six months has passed since the filing of the SF-95 claim.

**TWENTY-FIFTH:**

Jurisdiction is proper in this Court pursuant to the Federal Tort Claims Act, 28 USC §2675(a), 28 USC §1346(b), 28 USC §§2671-80 and 28 USC §2679(d)(1) because the plaintiff

decedent received medical treatment from Drs. Agarwal, Brubaker, and Rico and the Health Center and Montefiore all of which are employees of the "USA." Jurisdiction is also proper as plaintiff filed an Administrative Claim and six months from the date of said filing has passed.

## VENUE

Venue is proper in this Court pursuant to 28 USC §2401(b), 28 USC §1346(b) and 28 USC §§2671-2680.

### AS AND FOR A FIRST CAUSE OF ACTION TO RECOVER MONETARY DAMAGES FROM DEFENDANTS ON BEHALF OF THE ESTATE OF NANCY CARROLL, FOR CONSCIOUS PAIN AND SUFFERING UNDER THE THEORY OF DEPARTURES FROM ACCEPTED MEDICAL PRACTICE

**TWENTY-SIXTH:**

The plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "FIRST" through "TWENTY-FIFTH" of this Verified Complaint, with the same force and effect as though said allegations were herein fully set forth at length.

**TWENTY-SEVENTH:**

That in reliance upon the foregoing, the plaintiff's decedent, Nancy Carroll during a continuous course of treatment beginning on or about April 13, 2012 and ending on or about February 10, 2015, came under and/or submitted to the care and attention of the defendant USA.

**TWENTY-EIGHTH:**

That at all times mentioned herein, the plaintiff's decedent related a history, various complaints, signs, symptoms, pains, sensations and other physical and/or mental occurrences to the defendants and/or each of them, separately, jointly, individually and/or concurrently, and/or their agents, servants, associates, partners and/or employees.

**TWENTY-NINTH:**

That at all times mentioned herein, the plaintiff's decedent submitted to various tests, examinations, procedures, treatments and techniques, both oral and physical, performed by or at the special instance and request of the defendants and/or each of them, their agents, servants, associates, employees and/or partners.

**THIRTIETH:**

That at all times mentioned herein, the defendant, its agents, servants, associates, partners and/or employees, were aware or should have been aware of the results, imports, findings and/or consequences of this history, complaints, signs, symptoms, pains, sensations and occurrences being experienced by plaintiff's decedent, as well as the results, import, findings and/or consequences of the tests, examinations, procedure, treatments and/or techniques performed on the plaintiff's decedent, by the defendants, their agents, servants, employees, associates and/or partners.

**THIRTY-FIRST:**

That in view of the foregoing, the course of treatment, advice, diagnosis, medical care and attention, prescriptions, tests, examinations, studies, surgery pre and post-surgical care, procedures and/or techniques given to and/or performed on plaintiff's decedent, by the defendants, their agents, servants, associates, partners and/or employees was not in accord with the accepted standards of the proper practice of medicine, which are generally recognized within the local, state or national community.

**THIRTY-SECOND:**

That the defendants and/or each of them, individually, jointly and/or concurrently, their agents, servants, associates, partners, and/or employees, by acts of commission and omission

were negligent, careless and reckless and departed from accepted medical practices in the following areas:

- a) negligently, carelessly and recklessly caused plaintiff's decedent's wrongful death;
- b) failed and omitted to prevent plaintiff's decedent's wrongful death;
- c) failed and omitted to timely and properly diagnose lung cancer resulting in its metastasis to Stage IV;
- d) failed and omitted to timely and properly monitor plaintiff's decedent for lung cancer;
- e) failed and omitted to properly read and interpret plaintiff's decedent's May 7, 2012 CT scan;
- f) failed and omitted to properly read and interpret plaintiff's decedent's November 7, 2012 CT scan;
- g) failed and omitted to properly read and interpret plaintiff's decedent's chest X-ray;
- h) failed and omitted to understand the significance of plaintiff's decedent's complaints of cough and shortness of breath;
- i) failed and omitted to understand the significance of plaintiff's decedent's history of smoking;
- j) failed and omitted to understand that plaintiff's decedent was at an increased risk for lung cancer given her history of smoking;
- k) failed and omitted to perform a baseline chest X-ray;

l) failed and omitted to perform a chest X-ray once plaintiff's decedent complained of cough and shortness of breath;

m) failed and omitted to refer plaintiff's decedent to a pulmonologist;

n) failed and omitted to order repeat testing following the November 7, 2012 CT scan;

o) failed and omitted to properly and timely monitor the plaintiff's decedent following the November 7, 2012 CT scan;

p) improperly diagnosed plaintiff's decedent with an upper respiratory infection;

q) failed and omitted to recognize and understand that plaintiff's decedent's complaints were being caused by lung cancer;

r) failed and omitted to diagnose plaintiff's decedent's cancer when it was Stage I cancer;

s) failed and omitted to properly and timely diagnose and treat plaintiff's decedent's lung cancer when it was at an early stage and treatable;

t) failed and omitted to recommend, order and/or perform a fine needle aspiration, biopsy, CT scan, and/or MRI given plaintiff's decedent's complaints of cough and shortness of breath;

u) negligently, carelessly, and recklessly caused and/or permitted a delay in the diagnosis of plaintiff's decedent's lung cancer;

v) caused and/or permitted the lung carcinoma to grow and spread to the lymph nodes;

w) caused and/or permitted the lung carcinoma to spread to a stage IV cancer;

x) negligently, carelessly, and recklessly failed and omitted to obtain timely and proper consultation with competent physicians, including but not limited to oncologists, radiologists, pulmonologists, pulmonary surgeons, thoracic surgeons, oncological surgeons, general surgeons, and/or other medical specialists, concerning an appropriate course of treatment in view of the symptomatology exhibited by the plaintiff's decedent;

y) failed and omitted to refer and/or timely refer the plaintiff's decedent to the appropriate specialists, including but not limited to pulmonologists, pulmonary surgeons, thoracic surgeons, oncologists and/or oncological surgeons, given the repeated persistent complaint of cough;

z) negligently, carelessly, recklessly, and improperly failed and omitted to identify, detect, discover, and/or diagnose lung carcinoma, resulting in metastatic spread, in a timely and proper manner;

aa) failed and omitted to attach appropriate significance to plaintiff's decedent's symptoms and complaints;

bb) failed and omitted to recommend, order and/or perform CT scans, MRIs, PET Scans, X-rays, sonograms, and/or biopsies;

cc) failed and omitted to understand and/or properly interpret such tests enumerated above so that a proper diagnosis could be made and/or a proper course of treatment given;

dd) failed and omitted to recognize the need to perform timely and proper diagnostic studies and radiological studies, including x-ray, sonogram, CT scan, PET scan or MRI, to ascertain the nature of the plaintiff's decedent's condition;

ee) negligently, carelessly, recklessly, and improperly failed and omitted to understand, recognize, appreciate, be cognizant of, take into account and/or attach appropriate significance to plaintiff's decedent's ongoing signs, symptomatology and medical history, including but not limited to, history of smoking;

ff) failed and omitted to perform follow-up x-rays, sonograms, MRIs, and/or CT scans, PET scans and/or biopsies on the plaintiff's decedent to detect lung carcinoma;

gg) failed and omitted to perform a thorough work-up of the plaintiff's decedent to diagnose the cause of her symptomatology in a timely manner;

hh) caused and/or allowed the plaintiff's decedent to suffer a life-threatening condition as a result of defendants' negligence, carelessness, and recklessness in failing to timely and properly diagnose the plaintiff's decedent's lung carcinoma, resulting in its metastasis and growth;

ii) failed and omitted to make a proper assessment of the plaintiff's decedent's total medical condition;

jj) caused and/or permitted plaintiff's decedent to engage in contra-indicated and dangerous activities in view of her condition;

kk) failed and omitted to use their best judgment and reasonable care in the medical care, attention, services, treatment, diagnosis and other medical services rendered on behalf of the plaintiff's decedent;

ll) failed and omitted to inform plaintiff's decedent of the dangers and the risks, as well as the alternatives;

mm) failed and omitted to make a timely diagnosis of the plaintiff's decedent's condition;

nn) failed and omitted to perform proper and timely tests, examinations, procedures, studies, surgery, pre and post-surgical care, and in general in giving medical care, attention, treatment and/or care to the plaintiff's decedent;

oo) failed and omitted to conform to the accepted standards of care and skill in giving advice, treatment, prescriptions, examinations, information, services, surgery, pre and post-surgical care, attention, studies, laboratory and/or radiological examinations and/or facts to the plaintiff's decedent herein.

**THIRTY-THIRD:**

That solely as a result of the negligence and/or medical malpractice of the defendant through its agents, servants, associates, partners and/or employees, and without any negligence or culpable conduct on the part of the plaintiff's decedent contributing thereto, plaintiff's decedent was caused to sustain the injuries which are referred to herein.

**THIRTY-FOURTH:**

That as a result of the foregoing, decedent was rendered sick, sore, lame and disabled and suffered internal injuries, pain and mental anguish and extreme conscious pain and suffering, eventually leading to her wrongful death on September 12, 2015.

**THIRTY-FIFTH:**

That by reason of the foregoing plaintiff's decedent and her Estate on her behalf have been damaged by the defendants herein and seek a monetary award and damages which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction over the defendants herein.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS ON BEHALF OF THE ESTATE OF NANCY CARROLL AND HER DISTRIBUTEES FOR WRONGFUL DEATH, UNDER A THEORY OF DEPARTURES FROM ACCEPTED MEDICAL PRACTICE

**THIRTY-SIXTH:**

That the plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "FIRST" through "THIRY-FIFTH" both inclusive, with the same force and effect as though said allegations were herein fully set forth at length.

**THIRTY-SEVENTH:**

That solely as a result of the negligence and/or medical malpractice of the defendants, and/or each of them, their agents, servants, associates, partners and/or employees, and without any negligence or culpable conduct on the part of the plaintiff or the plaintiff's decedent contributing thereto, the plaintiff's decedent was caused to suffer unnecessary and excruciating pain, disability, discomfort and suffering which resulted in her wrongful death on September 12, 2015.

**THIRTY-EIGHTH:**

That as a result of the recklessness, carelessness, negligence and/or medical malpractice of the defendants as aforementioned, decedent's distributees and the Estate of Nancy Carroll have suffered damages, including pecuniary loss, as a result of the wrongful death of plaintiff's decedent.

**THIRTY-NINTH:**

That by reason of the foregoing departures from accepted medical practice, the Estate of Nancy Carroll and hier distributees have been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this action.

*WHEREFORE*, Stephen Schultz, as Administrator of the Estate of Nancy Carroll, demands a monetary judgment in the form of damages against the defendants and/or each of them herein on the First Cause of Action together with the costs and disbursements of this action;

*WHEREFORE*, Stephen Schultz, as Administrator of the Estate of Nancy Carroll, demands a monetary judgment in the form of damages against the defendants and/or each of them on the Second Cause of Action with the costs and disbursements of this action;

*WHEREFORE*, plaintiff demands a trial by jury on all issues.

Dated: Brooklyn, New York
       January 29, 2019

"I have read the foregoing and I certify that, upon information and belief, the source of which is the review of a file maintained by my office, that the foregoing Summons, Verified Complaint and Certificate of Merit are not frivolous as defined in subsection (c) of Section 130-1.1 of the rules of the Chief Administrator."

*[signature]*
Amy L. Insler, Esq.
Bonina & Bonina, P.C.
Attorneys for Plaintiff
16 Court Street – Suite 1800
Brooklyn, New York 11241
Phone No.: (718) 522-1786

## CERTIFICATE OF MERIT
## PURSUANT TO CPLR 3012(a)(1)

I am an attorney duly licensed to practice before the Courts of the State of New York. I have reviewed the facts of this case and have consulted a physician licensed to practice medicine who is knowledgeable in the relevant issues involved in this action. On the basis of such review and consultation, it is my belief that there is a reasonable basis for the commencement of this action.

_____
Amy L. Insler, Esq.